



# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| YEHUDA SHARON, a/k/a EUGENE WARNER, an Individual,<br><br>       Plaintiff,<br><br>     vs.<br><br>NISSAN NORTH AMERICA, INC.; NISSAN MOTORS ACCEPTANCE CORPORATION (NMAC); UNITED NISSAN, INC.,<br><br>       Defendants. | Case No.: CV-S-03-0282-RLH (LRL)<br><br>**O R D E R**<br><br>(Motions to Dismiss—## 6 & 9) |

Before the Court are Defendant United Nissan's **Motion to Dismiss** (#6), filed April 21, 2003, and Defendant NMAC's **Motion to Dismiss** (#9), filed April 23, 2003. The Court has also considered Plaintiff's Opposition (#13), filed May 7, 2003, and Defendants' Reply (## 14 & 16), filed May 16 and May 19, 2003.

## BACKGROUND

On March 12, 2003, Plaintiff filed a complaint alleging violations by Defendants of no fewer than 10 sections of the United States Code. Basically, it seems as though Plaintiff sues for being unable to trade-in a car previously purchased (the financing of which is before the Court

. . . .

1

1   in a separate action with some of the same defendants) for the purchase of another car.[1]  Despite

2   not allowing the trade, one or more defendants continued to send advertising flyers encouraging

3   Plaintiff to trade in his car for a new one.  Defendant United Nissan moves to dismiss Plaintiff's

4   Complaint for Lack of Jurisdiction and pursuant to F.R.C.P. 12(b)(6).

5           On May 19, 2003, Plaintiff filed an amended complaint in which, from what the

6   Court can discern, the major change was that Plaintiff no longer based jurisdiction in this matter

7   on diversity.

8           On April 23, 2003, Defendant NMAC joined Defendant United Nissan's motion to

9   dismiss and moved to dismiss Plaintiff's Amended Complaint.

10          The Court notes that NMAC's motion predates Plaintiff's amended complaint by

11  more than 3 weeks and resolves that Plaintiff, though ultimately filing his amended complaint with

12  the Court, must have served his amended complaint on Defendants before filing it with the Court.

13          Further, the Court notes that Plaintiff amended his complaint after Defendant

14  United Nissan filed its motion to dismiss.  However, because Plaintiff's amended complaint,

15  except for the claim of diversity jurisdiction, is virtually similar to his original complaint, the

16  Court will apply Defendant United Nissan's motion to Plaintiff's amended complaint.

17                                  **DISCUSSION**

18  **Defendant United Nissan's Motion**

19          Defendant United Nissan moves to dismiss on five grounds: 1) Plaintiff fails to

20  establish jurisdiction under diversity; 2) Plaintiff fails to establish jurisdiction under the doctrine of

21  federal question; 3) Plaintiff fails to establish jurisdiction under the following U.S. laws: 18 USCA

22  §§ 1961-64; 15 USCA §§ 1, 2, 13, 14, 15, 1691a, and 1691e; 12 CFR § 202.2(n), § 202.4, §

23  202.7(a), § 202.14(b), and 18 USCA § 1951; 4) 28 USCA § 1367 does not establish jurisdiction

24

25          [1] Apparently, Plaintiff's attempts to purchase a  new auto through financing and trade-
26  in were complicated by Plaintiff's lawsuit regarding NMAC's financing of the vehicle to be
    traded in.

AO 72
(Rev. 8/82)                                        2

1 over the state claims Plaintiff asserts; and 5) there is no jurisdiction established under 28 USCA §
2 2201.

3      Each statute Defendant United Nissan moves to dismiss, except for diversity
4 jurisdiction, is still alleged in Plaintiff's amended complaint. Therefore, the Court will consider
5 Defendant's motion except for the discussion of diversity, Plaintiff having cured that through
6 amendment.

7      Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may
8 dismiss a complaint for "failure . . . to state a claim upon which relief can be granted." "[A]
9 complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that
10 the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."
11 *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Yamaguchi v. U.S. Dep't of the Air Force*,
12 109 F.3d 1475, 1481 (9th Cir. 1997). All factual allegations set forth in the complaint "are taken
13 as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Washington Energy*
14 *Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citing *In re Wells Fargo Sec. Litig.*, 12 F.3d 922, 925 (9th
15 Cir. 1993), *cert denied*, 513 U.S. 917, 115 S.Ct. 295, 130 L.Ed.2d 209 (1994)). Dismissal is
16 appropriate "only if it is clear that no relief could be granted under any set of facts that could be
17 proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see*
18 *also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

19      1)      15 USCA §§ 1-2

20      As written, these statutes do not create civil rights of action. Instead, they denote
21 trade restraint and trade monopolies as felonies and set forth the penalties for their commission.
22 Nowhere in the statutes are individuals authorized to sue under the statutes. As such, Plaintiff's
23 5th and 6th claims for relief will be dismissed as to all defendants for failure to state a claim upon
24 which relief may be granted.

25 . . . .

26 . . . .

1    2)    15 USCA § 13

2          In relevant part, this statute proscribes

3          any person engaged in commerce . . . to discriminate in price

4          between different purchasers . . . where either or any of the

5          purchases involved in such discrimination are in commerce . . . and

6          where the effect of such discrimination may be substantially to

7          lessen competition or tend to create a monopoly in any line of

8          commerce. . . .

9    In *Texas Gulf Sulphur Comapny v. J. R. Simplot Company*, 418 F.2d 793 (1969), the Ninth Circuit

10   interpreted 15 USCA § 13 as not prohibiting price discrimination by a seller unless the effect

11   causes or may cause forbidden competitive injury.

12         Plaintiff, not alleging competitive injury, fails to correctly plead under section 13

13   and the part of his second claim for relief brought under section 13 will be dismissed as to all

14   defendants.

15   3)    15 USCA § 14

16         Section 14 proscribes "any person engaged in commerce, in the course of such

17   commerce, to lease or make a sale . . . on the condition . . . that the lessee or purchaser . . . shall

18   not use or deal in the goods . . . of a competitor. . . ."

19         Plaintiff never alleges that any purchase, or negotiations for purchase, from

20   Defendants was premised on a condition to not use or deal in the goods of a competitor.  Because

21   Plaintiff fails to state a claim as to section 14, Plaintiff's fourth claim for relief will be dismissed as

22   to all defendants.

23   4)    15 USCA § 15

24         Section 15 allows "any person who shall be injured in his business or property by

25   reason of anything forbidden in the antitrust laws" to sue in United States District Court.  Because

26   Plaintiff makes no allegations of injury to his business or property, he fails to state a claim upon

4

AO 72
(Rev. 8/82)

1  which relief may be granted. Plaintiff's second claim for relief will be dismissed as to all

2  defendants.

3        5)     15 USCA §§ 1691a and 1691e; 12 CFR §§ 202.2(n), 202.4, 202.7(a), and 202.14(b)

4        Plaintiff claims his complaint is brought under the Federal Equal Credit

5  Opportunity Act. However, the statutes Plaintiff pleads in his claim do not provide a right of

6  action. Section 1691a and 12 C.F.R. § 202.2(n) are solely statutes of definitions and, as such,

7  Plaintiff's claims under both statutes fail.

8        Plaintiff also brings a claim for relief under 12 C.F.R. § 202.14. Though defendant

9  appears to cite language from section 202.14, the Court is unable to find that language. However,

10  notwithstanding, section 202.14 assigns enforcement of the relevant act to various administrative

11  agencies. Nothing in the statute appears to authorize a private right of actions. Accordingly,

12  Plaintiff's claims brought under 12 C.F.R. § 202.14 will be dismissed as to all defendants.

13        Section 1691e provides a civil remedy for violations of section 1691, however,

14  Plaintiff fails to assert a claim for relief under section 1691. As section 1691, and related C.F.R.

15  provisions 202.4 and 202.7(a), prohibits discrimination by creditors, and Plaintiff has alleged no

16  facts showing that Defendants United Nissan or Nissan North America at any time acted as a

17  creditor, Plaintiff's third claim for relief will be dismissed as to Defendants United Nissan and

18  Nissan North America.

19        6)     18 USCA § 1951

20        Section 1951 of Title 18 is a criminal statute that does not authorize private civil

21  action. Notwithstanding, the statute proscribes interference with commerce by threats or violence.

22  Even if this statute allowed private civil actions, Plaintiff never alleges threats or violence in his

23  complaint. Furthermore, Plaintiff, other than in the Jurisdiction of his complaint, never pleads

24  under section 1951. Plaintiff's claims under section 1951 will be dismissed as to all defendants.

25  . . . .

26  . . . .

AO 72
(Rev. 8/82)

1    7)    18 USCA §§ 1961-64

2           Finally, Plaintiff brings his seventh claim for relief under Civil RICO.  In order for

3    a plaintiff to state a claim for RICO damages, "a plaintiff has two pleading burdens." *Vasile v.*

4    *Dean Witter Reynolds, Inc. et al.*, 20 F.Supp 2d 465, 477 (E.D.N.Y. 1998).

5           First, a plaintiff must allege the existence of the following seven elements: "(1) that

6    the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of

7    'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates

8    in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Id.* at 482-

9    83; citing *Moss v. Stanley, Inc* 719 F.2d 5, 17 (2d Cir 1983), cert denied 465 U.S. 1025; *Sedima,*

10   *S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496-97; *United States v. Private Sanitation Indus. Ass'n*,

11   793 F.Supp. 1114, 1125-26 (E.D.N.Y. 1992).

12          Second, a plaintiff must allege that he was "injured in his business or property by

13   reason of a violation of section 1962. *Vasile* at 483.

14          In this matter, Plaintiff utterly fails to allege any facts qualifying him to bring an

15   action under Civil RICO.  Plaintiff's seventh claim for relief will be denied as to all defendants.

16   **Defendant NMAC's Motion**

17          Remaining to discuss as to Defendant NMAC is Plaintiff's third claim for relief.

18   (Claims 2 & 4-7 having been dismissed as per Defendant United's motion discussed above.)

19   Because Plaintiff is pro se, and because his third claim for relief could apply to Defendant NMAC,

20   a creditor, the Court will not dismiss the third claim without granting Plaintiff an opportunity to

21   correct his error.  Procedurally, Plaintiff brings his action under section 1691e without asserting a

22   claim for relief under section 1691.  Plaintiff will have until June 13, 2003 to amend his complaint

23   to include only his third claim for relief against only Defendant NMAC.  Failure to do so will

24   result in immediate dismissal.

25          Plaintiff brings seven claims for relief against three defendants.  Claims 2-7, the

26   federal claims, will be dismissed as to Defendants United and Nissan North America.  Because the

AO 72
(Rev. 8/82)

6

1   only remaining claim against those defendants is brought under state law, the Court will not

2   exercise jurisdiction and dismisses Defendants United and Nissan North America completely.

3        Plaintiff's claims 2 and 4-7 are also dismissed against Defendant NMAC leaving

4   only claims 1 and 3.

5                            **CONCLUSION**

6        Accordingly, and for good cause appearing,

7        IT IS HEREBY ORDERED that Defendant United Nissan's Motion to Dismiss (#6)

8   is GRANTED and Defendant United is hereby dismissed.

9        IT IS FURTHER ORDERED that Defendant Nissan North America is dismissed.

10        IT IS FURTHER ORDERED that Defendant NMAC's Motion to Dismiss (#9) is

11   GRANTED as to Plaintiff's claims 2 and 4-7 DENIED as to Plaintiff's claims 1 and 3 contingent

12   upon Plaintiff's amendment.

13        IT IS FURTHER ORDERED that Plaintiff shall have until June 13, 2003 to amend

14   his complaint to properly plead his third claim against Defendant NMAC.

15        IT IS FURTHER ORDERED that if Plaintiff fails to so amend, the Clerk shall

16   dismiss Defendant NMAC and enter judgment against Plaintiff.

17

18        Dated:   May 28, 2003.

19

20

21        **ROGER L. HUNT**

22        **United States District Judge**

23

24

25

26

AO 72
(Rev. 8/82)